IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DWAYNE SAMPLE,

    Plaintiff,

v.   No. 25cv984 JFR/SCY

HILTON WORLDWIDE HOLDINGS INC.,
PARKS HOSPITALITY HOLDINGS (PHH),
and HILTON OF SANTA FE,

    Defendants.

## ORDER TO SUPPLEMENT

THIS MATTER comes before the Court sua sponte. On October 8, 2025, Defendant Hilton Worldwide Holdings, Inc. removed this case from state court to federal court. Doc. 1. The Notice of Removal asserts federal question jurisdiction as well as diversity of citizenship. *Id.* ¶¶ 2, 11. Plaintiff is proceeding pro se. On October 14, 2025, Plaintiff filed a Motion To Remand To State Court. Doc. 4. Plaintiff's Complaint does not clearly state whether Plaintiff is bringing federal or state claims. In addition, the Notice of Removal lacks sufficient information to establish diversity jurisdiction. Therefore, the Court orders Plaintiff to supplement his Motion To Remand and orders Defendant to amend the Notice of Removal.

    A.    <u>Federal Question Jurisdiction</u>

"Federal subject matter jurisdiction is elemental. It cannot be consented to or waived, and its presence must be established in every cause under review in the federal courts." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1022 (10th Cir. 2012). It is the court's duty to address an apparent lack of jurisdiction sua sponte. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir. 1988). "The party invoking federal jurisdiction has the burden to establish that it is proper . . . ." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014).

"For a case to arise under federal law [sufficient to support federal-question jurisdiction], the plaintiff's 'well-pleaded complaint' must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Firstenberg*, 696 F.3d at 1023 (internal quotation marks omitted). "The well-pleaded complaint rule makes the plaintiff the 'master' of his claim. The plaintiff can elect the judicial forum-state or federal-based on how he drafts his complaint. Although he may not circumvent federal jurisdiction by omitting federal issues that are essential to his claim, he can nevertheless avoid federal jurisdiction by exclusive reliance on state law." *Id.* (cleaned up). "Though we do not hold the pro se plaintiff to the standard of a trained lawyer, we nonetheless rely on the plaintiff's statement of his own cause of action. Thus, we may not rewrite a complaint to include claims that were never presented." *Id.* at 1024 (cleaned up).

A complaint that "does not seek relief under any federal law," nor seeks an order "interpreting any federal law," is not sufficient to invoke the jurisdiction of the federal courts. *Kumar v. ChaseBank, N.A.*, 2013 WL 4670193, at *1 (M.D. Fla. Aug. 28, 2013). "Rather, federal question jurisdiction requires that a party assert a *substantial* federal claim." *Id.* (emphasis added). A plaintiff is permitted to invoke state law only, even if federal law contains an equally viable cause of action based on the facts. *Firstenberg*, 696 F.3d at 1023. "[A]ll doubts arising from defective, ambiguous and inartful pleadings should be resolved in favor of the retention of state court jurisdiction." *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). "The party seeking removal bears the burden of proving the propriety of removal; doubts regarding removal are resolved in favor of the plaintiff's choice of forum in state court." *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013).

Plaintiff's Complaint lacks a statement of the causes of action. The Complaint, in pertinent part, alleges:

> On 11/26/23 at approximately 7:45 pm Hilton staff wrongfully evicted me from my hotel room based on my disability . . . Person with disability kicked out of hotel room for no reason or giving a[n] alternat[iv]e solution to correct the issue.

Doc. 1-1 at 1.

As grounds for federal question jurisdiction, the Notice of Removal alleges that "Plaintiff attached documents to his Complaint indicating his basis for his discrimination claim is a violation of Title III of the Americans with Disabilities Act (ADA)." Doc. 1 ¶ 3. Although the Notice of Removal does not provide a citation for this assertion, the Notice of Removal does attach a letter from Plaintiff to Hilton Hotels & Resorts entitled "Formal Complaint Regarding Violation of the Americans with Disabilities Act (ADA)." Doc. 1-1 at 5. The letter also states: "Your hotel's actions directly violate my civil rights under federal and state law." *Id.*

However, this letter is not equivalent to a statement of causes of action in the complaint. The complaint itself does not clarify whether it is brought under state or federal disability laws. The complaint could be invoking either state or federal protections, or both, and is therefore ambiguous.

Plaintiff has filed a motion to remand, which demonstrates a preference for being in state court, Plaintiff's original choice of forum. However, that motion to remand addresses only issues pertaining to diversity jurisdiction, despite the fact that the Notice of Removal also alleged federal question jurisdiction. As such, the motion to remand does not clearly answer whether Plaintiff is bringing state disability claims, or federal disability claims, or both. If Plaintiff brings a claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., then the case is properly removed to federal court. Plaintiff has not unambiguously stated whether he is bringing such a federal claim.

B.  Diversity Jurisdiction

Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ." When a plaintiff files a civil action in state court over which the federal court would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b). "[T]he ultimate burden of establishing complete diversity" lies with "the party seeking to invoke federal jurisdiction." *ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296, 1306 (10th Cir. 2025); *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013). There are three defects in the Notice of Removal's allegations of diversity jurisdiction.

First, the Notice of Removal states that "Plaintiff is a resident of Colorado." Doc. 1 ¶ 7. Residency is not equivalent to citizenship. *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Citizenship, or domicile, exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Residency may prima facie indicate citizenship when other proof in the record indicates citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). There being no other proof in the record indicating citizenship, an allegation of "residency" and not "citizenship" is insufficient to confer jurisdiction on this Court. *Vincent v. Nelson*, 51 F.4th 1200, 1211-12 (10th Cir. 2022) (complaint alleging residency was insufficient to confer jurisdiction); *see also McEntire v. Kmart Corp.*, No. 09cv567 JB/LAM, 2010 WL 553443, at *8 (D.N.M. Feb. 9, 2010) (collecting cases discussing requirement to amend notice of removal).

4

Second, the Notice of Removal states that "[u[pon information and belief, Parks Hospitality Holdings is not a New Mexico resident." Doc. 1 ¶ 9. Federal jurisdiction cannot be invoked based on "negative" statements of citizenship (i.e., asserting a party is not a citizen of a particular state instead of asserting the that the party is a citizen of a particular state). A party invoking diversity jurisdiction must instead specifically allege the citizenship of each defendant, not just that a defendant is not a citizen of the same state as any plaintiff. *Cameron v. Hodges*, 127 U.S. 322, 322 (1888); *Dancel v. Groupon, Inc.*, 940 F.3d 381, 385 (7th Cir. 2019); *see also Dalton v. Teva N. Am.*, 891 F.3d 687, 690 (7th Cir. 2018); *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1226 (11th Cir. 2017); *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125-26 (1st Cir. 2011); *Thurston v. Page*, 920 F. Supp. 152, 154 (D. Kan. 1996); *McCracken v. Murphy*, 328 F. Supp. 2nd 530, 535 (E.D. Pa. 2004).

Finally, Plaintiff named a third defendant in his complaint: Hilton of Santa Fe. Doc. 1-1 at 1. The Notice of Removal lacks any allegations about the citizenship of this defendant.

Therefore, to invoke diversity jurisdiction, Defendant Hilton Worldwide Holdings, Inc. must amend the Notice of Removal to properly allege the citizenship of Plaintiff, Parks Hospitality Holdings, and Hilton of Santa Fe. *See Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300-02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principal place of business of the defendant, along with citizenship, rather than mere residence, of the plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

C.    <u>Rule 7.1</u>

The Court notes that Rule 7.1 requires a party to file a disclosure statement as to his own citizenship. *See* Fed. R. Civ. P. 7.1(a)(2) ("In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: when the action is filed in or removed to federal court."); *see also id.* Committee Notes - 2022 Amendment ("The disclosure does not relieve a party that asserts diversity jurisdiction from the Rule 8(a)(1) obligation to plead the grounds for jurisdiction, but is designed to facilitate an early and accurate determination of jurisdiction.").

In keeping with this intent, the Court orders Plaintiff to file a Rule 7.1 notice within 30 days of the date of this Order, clearly setting forth his citizenship. Similarly, although Defendant asserted information about its own citizenship as part of its Notice of Removal, it has not yet filed a Rule 7.1 notice. Therefore, the Court also orders Defendant to file a Rule 7.1 notice within 30 days of the date of this Order, clearly setting forth its citizenship.

## **CONCLUSION**

THEREFORE, IT IS ORDERED THAT by November 14, 2025, Plaintiff shall file a supplement to his motion to remand. This supplement should clearly state whether he brings state disability claims, or federal claims, or both. Defendant Hilton Worldwide Holdings, Inc. may file a response within 14 days of the date of Plaintiff's supplement.

IT IS FURTHER ORDERED THAT by November 14, 2025, both parties must file a Rule 7.1 notice stating that party's citizenship.

Failure to obey this order may result in dismissal of this case or other sanctions.

IT IS FINALLY ORDERED THAT, by December 1, 2025, Defendant Hilton Worldwide Holdings, Inc. shall amend the Notice of Removal to cure the defects outlined above. Defendant is warned that, absent a clear federal basis for jurisdiction, failure to amend the Notice of Removal will result in a remand to state court.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE