IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DWAYNE SAMPLE,

      Plaintiff,

    v.                                                                                 No. 25cv984 JFR/SCY

HILTON WORLDWIDE HOLDINGS INC.,
PARKS HOSPITALITY HOLDINGS (PHH),
and HILTON OF SANTA FE,

      Defendants.

**ORDER DENYING MOTION FOR RELIEF FROM RULE 7.1
AND GRANTING LEAVE TO FILE ELECTRONICALLY**

THIS MATTER comes before the Court on Plaintiff's Motion to the Court Regarding Inapplicability of Rule 7.1 Disclosure Statements, Doc. 14, and Plaintiff's Motion for Leave to File Electronically, Doc. 9. On October 8, 2025, Defendant Hilton Worldwide Holdings, Inc. removed this case from state court to federal court. Doc. 1. The Notice of Removal asserts federal question jurisdiction as well as diversity of citizenship. *Id.* ¶¶ 2, 11. Plaintiff is proceeding pro se.

On October 15, 2025, the Court ordered Plaintiff to clarify whether Plaintiff brings state or federal claims and also ordered every party to file a disclosure statement as to their own citizenship. Doc. 6; *see* Fed. R. Civ. P. 7.1(a)(2) ("In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: when the action is filed in or removed to federal court.").

In response, Plaintiff moved to voluntarily dismiss all federal claims and remand the state claim back to state court. Doc. 13. As a result, Plaintiff asks for relief from the previous court

order requiring him to file a citizenship disclosure statement. Doc. 14 at 1. Although Plaintiff is correct that he has the option of dismissing federal claims, Plaintiff is incorrect that this would automatically result in a remand to state court. Federal jurisdiction may be based on *either* the presence of a federal claim *or* diversity of citizenship, and the Notice of Remand in this case invoked both grounds.

The Court therefore denies Plaintiff's motion for relief from Rule 7.1. The Court reiterates its prior order that both parties must file a Rule 7.1 notice stating that party's citizenship, although it will extend the time to do so.

The Court will grant Plaintiff's request to file electronically in this case only. Doc. 9; *see* Guide for Pro Se Litigants at 13, District of New Mexico (October 2022) ("approval to electronically file documents within a case must be granted by the presiding judge for each case in which the *pro se* litigant wishes to file using their CM/ECF account"). The Court will revoke permission to file electronically if Plaintiff abuses his electronic filing privilege or fails to comply with the rules and procedures in the District of New Mexico's Guide for Pro Se Litigants and the District of New Mexico's CM/ECF Administrative Procedures Manual. Account registration forms, procedure manuals, and other information can be obtained at the Court's website at http://www.nmd.uscourts.gov/filing-information. This Order only grants Plaintiff permission to participate in CM/ECF; Plaintiff is responsible for registering to become a participant. *See* CM/ECF Administrative Procedures Manual, District of New Mexico (Revised June 2024).

THEREFORE, IT IS ORDERED that Plaintiff's Motion to the Court Regarding Inapplicability of Rule 7.1 Disclosure Statements, Doc. 14, is DENIED. Plaintiff's motion for leave to file electronically, Doc. 9, is GRANTED.

IT IS FUTHER ORDERED THAT all parties appearing in the case must file a disclosure as to their own citizenship by **November 27, 2025**. Failure to obey this order may result in dismissal of this case or other sanctions.

IT IS FINALLY ORDERED THAT Defendant Hilton Worldwide Holdings, Inc.'s deadline to amend the Notice of Removal to cure the jurisdictional defects outlined in the Court's previous order is extended to **December 18, 2025**.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE