IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DWAYNE SAMPLE,

    Plaintiff,

v.                                                                                                          No. 25cv984 WJ/SCY

HILTON WORLDWIDE HOLDINGS INC.,
PARKS HOSPITALITY HOLDINGS (PHH), and
HILTON OF SANTA FE,

    Defendants.

## ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on pro se Plaintiff's Civil Complaint, originally filed in state court. Doc. 1-1. Defendants removed this case to federal court, and the Court finds Defendants have satisfied the requirements of diversity jurisdiction in the amended notice of removal. Doc. 61. Plaintiff alleges that on November 26, 2023, Hilton staff evicted him from his hotel room on the basis of his disability. Doc. 1-1 at 1. Plaintiff further attached a letter addressed to Santa Fe Historical Plaza Hilton in Santa Fe, alleging: "An employee, Peter Messerer (acting Manager), approached me and stated that me, my wife, and service animal need to get the fuck out and take your service animal with you." *Id.* at 5.

Through counsel, Plaintiff previously filed another case which appears to arise from the same facts giving rise to this case. *See Sample v. Hilton Worldwide Holdings, Inc.*, No. 23cv-865 SMD-KRS ("*Sample I*"). The amended complaint in *Sample I* alleges that on November 26, 2022, Plaintiff Dwayne Sample and his wife stayed with their service dog at the Hilton Santa Fe Historic Plaza, located at 100 Sandoval Street, Santa Fe. *Sample I*, Amend. Compl., Doc. 9 ¶¶ 18, 20. Hilton staff removed the dog from Plaintiffs' hotel room while they were gone. *Id.* ¶ 28. As

Plaintiffs retrieved their dog and exited the hotel, manager Peter Messerer yelled to Plaintiffs, "Now that you got your service dog, get the fuck off my property!" *Id.* ¶¶ 36-37.

In other words, except for the year of the occurrence, the allegations are essentially identical in the present Complaint and in *Sample I*. Given that the factual allegations are so identical, it is more likely that Plaintiff made a typo in the date than that these are two separate transactions or occurrences.

"District courts have discretion to control their dockets by dismissing duplicative cases." *Katz v. Gerardi*, 655 F.3d 1212, 1217-18 (10th Cir. 2011) (citing *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976) ("As between federal district courts . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation.")). "District courts are accorded a great deal of latitude and discretion in determining whether one action is duplicative of another, but generally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Park v. TD Ameritrade Trust Co., Inc.*, 461 F. App'x 753, 755 (10th Cir. 2012) (citing *Serlin v. Arthur Andersen & Co.,* 3 F.3d 221, 223 (7th Cir. 1993)).

The Court orders Plaintiff to show cause why the Court should not dismiss this case because it is duplicative of *Sample I*. If Plaintiff asserts the Court should not dismiss this case as duplicative of *Sample I*, Plaintiff's response must clearly indicate any significant differences between the Complaint in this case and the amended complaint in *Sample I*. The Court warns Plaintiff that his desire to add a different Hilton entity as a defendant is not sufficient justification for filing duplicative lawsuits. If Plaintiff wishes to name as a defendant another Hilton entity responsible for operating the Hilton Santa Fe Historic Plaza hotel, Plaintiff must seek to amend the complaint in *Sample I*. Indeed, Plaintiff has done just that—a pending motion to amend in

*Sample I* seeks to add the currently named defendant here, Hilton Worldwide. *Sample I*, No. 23cv-865, Docs. 85 & 87. Those motions are still pending.

The Court further warns Plaintiff that repeatedly filing duplicative complaints about the same transaction or occurrence may subject Plaintiff to sanctions, including filing restrictions. *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir. 1989) (per curiam) ("[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.").

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not dismiss this case. Failure to timely show cause may result in dismissal of this case.

**IT IS FURTHER ORDERED** that Defendants may, but are not required to, file a response to Plaintiff's written show cause response. Such response should be filed with 14 days of service of Plaintiff's response.

_____
**UNITED STATES MAGISTRATE JUDGE**